## TAYLOR–SEIDENBACK CO., Inc., v. MILLER.
## No. 4897.

Court of Appeal of Louisiana. Second Circuit.

Feb. 5, 1935.

Watkins & Watkins, of Minden, for appellant.

L. L. Lockard, of Shreveport, for appellee.

DREW, Judge.

J. R. Miller entered into an oral agreement with one A. D. Adams for the said Adams to repair the roof on a certain building in the town of Minden, La. The agreement or contract consisted of Mr. Miller instructing Mr. Adams to repair the roof. There was no definite agreement as to price or as to the time in which the work was to be completed. Adams purchased from the plaintiff herein the material which was used in making the repairs; the bill, amounting to $291.93, having been purchased and delivered on the following dates:

| 1932 | | | | |
|---|---|---|---|---|
| Jan. 9 | Inv. 1703–R | $ 52.50 | $ 52.50 |
| Jan. 14 | Inv. 1724–R | 51.00 | 51.00 |
| Jan. 25 | Inv. 1748–R | 122.63 | 122.63 |
| Feb. 13 | Inv. 1768–R | 20.20 | 20.20 |
| Mar. 21 | Inv. 1833–R | 33.60 | 33.60 |
| Aug. 12 | Inv. 1985–R | 12.00 | 12.00 |

| | | |
|---|---|---|
| Balance due Taylor-Seidenback Company, Inc. | $291.93 | $291.93 |

On October 10, 1932, following the last delivery on August 12, 1932, plaintiff filed a lien against said building with the clerk of the court of Webster parish, La., in accordance with the provisions of Act No. 298 of 1926, and sent a copy thereof by registered mail to the owner of the building, J. R. Miller. The clerk failed to record the lien until November 14th through no fault of plaintiff.

On May 15th following, plaintiff filed this suit against the owner of the building, J. R. Miller, praying for judgment and for recognition of its lien as a furnisher of material. On trial below there was judgment in favor of plaintiff, and defendant has perfected an appeal to this court.

■ Several exceptions were filed in the court below, none of which is urged here. The defense urged is, first, that the lien is without effect, due to the failure of the clerk to record it until the 14th of November, which was ninety-four days after the date the last material was furnished; and, second, that the job was completed on March 21st, and the material furnished on August 12th was for patching defects in the former completed job, and was no part of the original job or contract; therefore, the lien was filed more than sixty days after the material was furnished and the job completed.

Section 12 of Act No. 298 of 1926 governs in this case. It reads as follows: "When the owner, or his authorized agent, undertakes the work of construction, improvement, repair, erection, or reconstruction, for the account of the said owner, for which no contract has been entered into, or when a contract has been entered into but has not been recorded, as and when required by this act, then any person furnishing service or material or performing any labor on said building or other work may record in the office of the Clerk of Court or Recorder of Mortgages in the parish in which said work is being done or has been done a copy of his estimate or an affidavit of his claim or any other writing evidencing same, which recordation, if done within sixty days after the date of the last delivery of all material upon said property or the last performance of all services or labor upon the same, by said furnisher of material or said laborer, shall create a lien and privilege upon the building or other structure and upon the land upon which it is situated, in favor of any such person who shall have performed service or labor or delivered material in connection with the said work of improvement, as his interest may appear. Said lien and privilege, recorded as aforesaid, shall constitute a lien and privilege, against the said property for a period of one year from the date of its filing, unless interrupted by judicial proceeding, during which judicial proceeding said prescription shall not run. Any person furnishing service or material or performing any labor on said building or other work to or for a contractor or sub-contractor, when a contract, oral or written has been entered into but no contract has been timely recorded, shall have a personal right of action against the owner for the amount of his claim for a period of one year from the filing of his claim, as provided in this Section, which right of action shall not prescribe during the pendency of judicial proceedings; provided, that this shall not interfere with the personal liability of the owner for material sold to or services or labor performed for him or his authorized agent. Said lien and privilege shall be superior to all other claims against the said land and improvements except taxes, local assessments for public improvements, a bona fide mortgage, or a bona fide vendor's privilege, whether arising from a sale or arising from a sale and resale to and from a regularly organized homestead or building and loan association, if said vendor's privilege or mortgage exists and has been duly recorded before the work or labor is begun or any material is furnished; provided, however, that the wages of a laborer for work done by him on any building, shall, when presented and recorded by him in accordance with the provisions of this Act, create in his favor a lien and privilege on the land and improvements which will prime the rights of mortgagees or vendors."

The first defense urged is without merit. When plaintiff filed its lien on October 10, 1932, it did all the law required of it and all it could possibly do. It was not within plaintiff's power to actually record the instrument. The filing of the instrument by it within sixty days after the last material was furnished was all that is required by the act creating the lien. Shreveport Long Leaf Lumber Company, Inc., v. Spurlock, 9 La. App. 224, 120 So. 126.

■ The second defense urged here, under the ruling of this court in the cases of Shreveport Long Leaf Lumber Company, Incorporated, v. Spurlock, cited supra, Cox et al. v. Rockhold, 14 La. App. 170, 128 So. 702, and Rex Electric Company v. Glorioso, 19 La. App. 712, 140 So. 236, is likewise without merit.

It is difficult to see how Mr. Adams could be made a contractor in this case. Under the testimony, there was never any contract between him and Mr. Miller. He was in reality an agent and employee of the owner, Mr. Miller, who was repairing his own roof. Be that as it may, the question is not raised, and, for the purpose of a decision in this case, we can assume that Adams was a contractor. The preponderance of the testimony, and without contradiction, is that the last material which was delivered by plaintiff on August 12, 1932, was necessary to complete the job of repairing the roof and was used for that purpose.

The lien was properly filed by plaintiff fifty-nine days later and within the time allowed by section 12 of Act No. 298 of 1926 to preserve a lien and privilege in plaintiff's favor against the building upon which the material was used.

We find no error in the judgment of the lower court, and it is affirmed, with costs.